# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARDAMIS DARRELL SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-335-NJR |
| | ) |
| WEXFORD MEDICAL, CHRISTOPHER BROWN, THERAPIST DAN, A. HAGGARD, A. LOOS, J. SMITH, S. MERCIER, MS. DEMSAR, TRAVIS BAYLER, JOHN R. BALDWIN, LT. MILLER, JOHN/JANE DOE MEDICAL PERSONNEL, SCOBI THOMPSON, and K. JAIMET, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ardamis Darrell Sims, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff alleges he was served unsanitary food in violation of the Eighth Amendment and state law. Plaintiff seeks monetary damages. When Plaintiff filed his Complaint, a portion of his exhibits and allegations were inadvertently left off of his Complaint (*See* Docs. 6 and 7). On April 16, 2020, the Court filed those exhibits.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was housed at Pinckneyville from March 29, 2018 until June 6, 2019. While at the prison, he consumed donated food from an unsanitary kitchen where workers wore dirty uniforms, did not wear proper aprons and hair nets, and served food without sanitary gloves (Doc. 1, pp. 8-9). He maintains that the food had mold on it and/or was beyond the best used by date (*Id.* at pp. 8 and 10). He informed Lieutenant Smith, but he only told him he could dump his tray. As a result of eating moldy food he developed diarrhea and vomiting (*Id.* at pp. 8 and 10). He wrote a grievance but was told that Pinckneyville no longer accepts donated foods, the best by dates on the foods did not mean they were expired, and the items were extras beyond the daily calorie requirements (*Id.* at p. 8). He alleges that D. Hess, A. Haggard and A. Loos processed false reports in response to his grievance. They responded that his allegations were not true when they knew that Pinckneyville never stopped serving donated food (*Id.*). Grievance officials and the Administrative Review Board, including S. Mercier, Scobi Thompson, Travis Bayler, and John R. Baldwin, conspired to cover up the issue by denying his grievances and deeming them not emergencies (*Id.*). Ms. Demsar, the food supervisor, approved of inmate workers using unsanitary conditions, specifically allowing inmates to use cotton jersey gloves (*Id.* at p. 9). Plaintiff informed Miller about Ms. Demsar's actions, but he said he did not care and to either take his tray or sit down (*Id.*). He alleges that Defendants breached their state law duty to provide safe and sanitary meals (*Id.* at p. 10).

**Preliminary Dismissals**

Plaintiff identifies Christine Brown, Dr. Myers,[1] Therapist Dan, Wexford Medical, K. Jaimet, and John/Jane Doe Medical Personnel in the caption of his Complaint but fails to include any allegations against them in the statement of his claim. Plaintiff filed two cases in this district court, this case and *Sims v. Thompson*, Case No. 20-cv-336-SMY. When initially filed, only a portion of Plaintiff's exhibits were filed in this case. After Plaintiff submitted a letter inquiring about the exhibits (Doc. 6), the exhibits were subsequently filed in this case (Doc. 7). Those exhibits include an additional statement of fact which includes allegations against Brown, Myers, Therapist Dan, Wexford, and John/Jane Doe Medical Personnel (*Id.*). Those allegations are duplicative of the allegations raised in Plaintiff's other case (*See Sims v. Thompson*, Case No. 20-cv-336-SMY, Doc. 1, pp. 29-33). Although included as an exhibit in this case, they are not part of the original statement of the claim and are the subject of his other pending lawsuit. As such, these Defendants are **DISMISSED without prejudice** in this case.

Plaintiff also refers to John and Jane Doe officials who oversee the contracts with companies providing the prison with food, alleging that they breached their duty in providing safe and sanitary meals (Doc. 1, p. 10). But he fails to provide any identifying information or even the number of unknown individuals involved. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[2] Thus, all claims against John and Jane Doe officials shall be **DISMISSED without prejudice**.

---

[1] Dr. Myers was listed in the caption of Plaintiff's Complaint (Doc. 1, p. 1) but does not appear on the Court's docket.

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued;

Finally, Plaintiff's statement of claim (Doc. 1, pp. 9-11, 14) includes allegations against A. Haggard, A. Loos, J. Smith, Lt. Miller, and Ms. Demsar. These individuals are not included in the caption of his Complaint (*Id*. at p. 1) and these claims involving non-parties should be considered **DISMISSED without prejudice**. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be considered a party, a defendant must be "specif[ied] in the caption").

### Discussion

Based on the allegations in the Complaint (Doc. 1), the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** S. Mercier, Travis Bayler, John R. Baldwin, and Scobi Thompson were deliberately indifferent under the Eighth Amendment to his conditions of confinement.
>
> **Count 2:** State law negligence claim against S. Mercier, Travis Bayler, John R. Baldwin, and Scobi Thompson for breaching their duty to serve sanitary food.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

Plaintiff fails to state a claim against the named Defendants for deliberate indifference. As to these individuals, he only alleges that they denied his grievances and deemed them not an emergency. Although he does allege that some non-parties, including D. Hess, A. Haggard, and counselor A. Loos, falsified responses to his grievances, he only alleges that the named Defendants

---

each defendant must be an individual or legal entity that may accept service of a complaint) (citing Fed. R. Civ. P. 4(e)-(j)).

[3] This includes Plaintiff's claim of breach of contract. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

denied the grievances. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because he only alleges that Defendants denied his grievances and/or deemed them not an emergency, Count 1 is **DISMISSED without prejudice**. The Court further declines to exercise supplemental jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c)(3). *See also Contreras v. Suncast Corp.,* 237 F.3d 756, 766 (7th Cir.2001) (quoting *Disher v. Information Res., Inc.,* 873 F.2d 136, 140 (7th Cir.1989)).

## Disposition

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 13, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  6/12/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**