IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARDAMIS DARRELL SIMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>WEXFORD MEDICAL, THERAPIST )<br>DAN, S. MERCIER, TRAVIS BAYLER, )<br>JOHN R. BALDWIN, JOHN/JANE DOE )<br>MEDICAL PERSONNEL, SCOBI )<br>THOMPSON, K. JAIMET, CHRISTINE )<br>BROWN, and DR. MYERS,[1] )<br>)<br>Defendants. )<br>) | Case No. 20-cv-335-NJR |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ardamis Darrell Sims, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff's original Complaint (Doc. 1) was dismissed for failure to state a claim and he was granted leave to amend his Complaint (Doc. 10). In his First Amended Complaint (Doc. 11), Plaintiff alleges Defendants were deliberately indifferent in treating his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment and monetary damages.

---

[1] Although Lieutenant Miller remains as a defendant on the Court's docket, Plaintiff's First Amended Complaint does not include any claims against Miller. The Clerk is DIRECTED to TERMINATE Miller as a defendant on the docket.

1

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 11): Plaintiff was housed at Pinckneyville from March 29, 2018 until June 6, 2019 (Doc. 11, p. 9). Upon arriving at Pinckneyville, he informed Jane Doe nurse that he had a left wrist brace, bottom bunk permit, and high blood pressure medication (*Id.*). He had the brace and bottom bunk permit due to torn ligaments in his left wrist (*Id.* at p. 10). He also informed her that he left his eyeglasses at the county jail. Although she told him that she would put him in to see the doctor to get his medications, permits, and glasses, she never placed him on a sick call with the doctor. He informed other unknown nurses about his need for a meeting with the doctor but went several weeks without an appointment. When he eventually saw Dr. Myers, he refused to renew his low bunk permit (*Id.* at p. 9). Dr. Myers also failed to properly evaluate his wrist injury and need for a wrist brace (*Id.* at p. 10). Without a bottom bunk permit, Plaintiff popped his shoulder out of socket getting out of the top bunk (*Id.* at p. 11). Dr. Myers refused to provide him any care for his shoulder injury (*Id.*).

He eventually saw Therapist Dan for his shoulder injury (*Id.* at p. 11). Although he asked Therapist Dan for a CT scan of his shoulder, which was the size of a tennis ball, and additional care for his wrist, Therapist Dan refused both requests citing costs (*Id.*).

He wrote a grievance about his need for a low bunk permit, and Christine Brown responded that the doctor would obtain his old medical records for his thumb injury but at the time he was not approved for a permit (*Id.* at p. 9). She also informed him that his prescription for his high blood pressure was renewed (*Id.*). Plaintiff alleges that Brown falsified her response because his prescription had not yet expired (*Id.* at p. 10). He wrote additional grievances which were denied by K. Jaimet, Scobi Thompson, John Baldwin, Travis Bayler, and S. Mercier (*Id.* at pp. 10-11). He also wrote personal letters to Scobi Thompson about his medical care (*Id.* at p. 13).

Plaintiff also alleges that he received improper treatment for an illness associated with eating moldy foods. As a result of eating moldy foods, he developed diarrhea and nausea (*Id.* at p. 12). He suffered with the condition for several months but none of the drugs Dr. Myers provided helped his condition (*Id.* at pp. 12-13). Dr. Myers eventually told him he did not know how to treat his condition (*Id.* at p. 13).

## Preliminary Dismissals

Plaintiff has identified a group of individuals, "Nurses John and Jane Does", which is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[2] He identifies one Jane Doe nurse with specificity, the Jane Doe nurse that he saw on March 29, 2018, who failed to put him in to see the doctor for his various health concerns. The Court will allow Plaintiff to proceed with this claim and **ADDS** Jane Doe Nurse #1 to the docket. Although he indicates that he saw nurses on several other occasions, he

---

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

fails to identify them with any specificity or allege that they acted with deliberate indifference. Accordingly, all other John and Jane Doe Nurses are **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Wexford Medical. Although he alleges that Wexford improperly supervised their employees (Doc. 11, p. 14), the corporation cannot be liable on this basis because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any Wexford policy. As such, Wexford is also **DISMISSED without prejudice.**

As to the claims against K. Jaimet, John Baldwin, Travis Bayler, and S. Mercier, he only alleges that they denied his grievances. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that they denied his grievances, the claim against them is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scobi Thompson were deliberately indifferent under the Eighth Amendment in treating Plaintiff's serious medical needs.**

      **Count 2:**      **Illinois state law medical malpractice claim against Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scobi Thompson.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

### Count 1

At this stage, Plaintiff states a viable deliberate indifference claim against Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scobi Thompson. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). He adequately alleges that Jane Doe Nurse #1, Therapist Dan, and Dr. Myers failed to provide or delayed treatment for his numerous ailments. He also alleges that Christine Brown falsified documents regarding his care and that he wrote letters to Scobi Thompson informing him about his inadequate medical care, but the issue was not remedied.

To help identify Jane Doe Nurse #1, the Court **ADDS** Jeff Dennison (official capacity only) to the case for purposes of responding to discovery designed to identify the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

Plaintiff's medical negligence claim in Count 2 derives from the same facts as his federal constitutional claim and will be allowed to proceed at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, -- F.3d --, 2019 WL 5691878 (7th Cir. Nov. 4, 2019).

**Pending Motions**

As to Plaintiff's motion for counsel (Doc. 12), Plaintiff states that he has written a number of attorneys who have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 12) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons stated above, Counts 1 and 2 shall proceed against Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scobi Thompson. Jeff Dennison (official capacity only) is **ADDED** to the case for purposes of identify the Jane Doe. Wexford Medical, S. Mercier,

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Travis Bayler, John Baldwin, J. Kaimet, and the remaining John/Jane Does are **DISMISSED without prejudice** and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendants Therapist Dan, Dr. Myers, Christine Brown, Scobi Thompson, and Jeff Dennison (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Jeff Dennison is only in the case for purposes of identifying the unknown nurse, he does not need to file an Answer. Further instructions on identifying the unknown nurse will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  7/15/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**