UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARDAMIS DARRELL SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00335-GCS |
| | ) |
| CHRISTINE BROWN, | ) |
| PERCY MYERS, | ) |
| SCOTT THOMPSON, | ) |
| and | ) |
| DAN VEREL, | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Before the Court is Plaintiff Sims's motion for the Court to reconsider allowing the Plaintiff to file a second amended complaint. (Doc. 79). Specifically, Plaintiff seeks to add Kim Reeder, a nurse at Pinckneyville Correctional Facility, along with the Illinois Department of Corrections and David Hess, Jr. as defendants and re-add claims against Wexford Medical, Travis Bayler, and S. Mercier. For the reasons stated below the Court **GRANTS in part** and **DENIES in part** the motion.

BACKGROUND

On April 7, 2020, Plaintiff Ardamis Sims filed his initial complaint alleging multiple Eighth Amendment claims against the defendants. (Doc. 1). Thereafter, on July 6, 2020, he filed an amended complaint. (Doc. 10). The Court performed an analysis of the complaint pursuant to 28 U.S.C. § 1915 to identify legally sufficient claims and to

dismiss those claims that were not legally sufficient. (Doc. 13). Plaintiff was allowed to proceed on the following claims:

> **Count 1** – Eighth Amendment claim against Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scott Thompson for deliberate indifference towards treating the Plaintiff's medical needs.
>
> **Count 2** – An Illinois medical malpractice claim against Jane Doe Nurse #1, Therapist Dan, Dr. Myers, Christine Brown, and Scott Thompson.

The following defendants were dismissed without prejudice for failure to state a claim upon which relief can be granted: Wexford Medical, S. Mercier, Travis Bayler, John Baldwin, J. Kaimet, and the remaining John and Jane Does.

On January 26, 2021, the Plaintiff filed a second amended complaint with the Court, which the Court denied the same day due to it not being submitted along with a motion. (Doc. 69 and 71). Next, Plaintiff submitted a motion to reconsider for leave to file a second amended complaint with this Court on February 4, 2021. (Doc. 77). The Court denied the motion for leave to file the second amended complaint on February 5, 2021. (Doc. 78). On February 5, 2021, Plaintiff filed a motion for reconsideration regarding the motion for leave to file a second amended complaint. (Doc. 79).

Subsequently, the Court held a hearing on Defendant Varel's motion for judgement on the pleadings. (Doc. 81). During the hearing, the Court allowed Defendants additional time to respond to the motion to reconsider.[1] Defendants Brown, Thompson

---

[1] The Court also continued the hearing on the motion for judgment on the pleadings so that the pending motion to amend could be addressed first.

and Varel oppose the motion to reconsider to the extent that Plaintiff is seeking to re-add Wexford Health, Travis Bayler, and S. Mercier as defendants and add David Hess Jr. and the Illinois Department of Corrections as new defendants to this case. Defendants argue that the proposed second amended complaint is futile as it is based on insufficient grounds for relief. (Doc. 82 and 83).

### ANALYSIS

Under the Federal Rules of Civil Procedure, pursuant to Rule 15(a), a party may amend a pleading and that leave to amend should be given freely when justice so requires. The intent of the complaint is to put the defendants on notice, and [the pleading] is to be freely amended or constructively amended as the case so requires, so long as there is no unfair surprise or prejudice to the defendants. *See Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). The decision to grant a plaintiff leave to amend under Rule 15(a)(2) is within the sound discretion of the Court. *See Pugh v. Tribune Co.,* 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works,* 125 F.3d 468, 480 (7th Cir. 1997). However, leave to amend may be denied in cases where undue delay, repeated failure to cure deficiencies by amendments previously permitted, undue prejudice against the opposing part[ies], futility of the proposed amendment, and bad faith was present. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court also has the authority to deny a motion for leave to amend for reasons of futility where the proposed amendment would not survive a motion to dismiss.

In his proposed second amended complaint, Plaintiff seeks to re-add Wexford Medical, Travis Bayler, and Shayne Mercier as defendants after the Court dismissed them

during its threshold review. Plaintiff also seeks to add new claims against the Illinois Department of Corrections and David Hess, Jr.

### A. Kim Reeder

After reviewing the proposed second amended complaint, the Court finds that Plaintiff has successfully identified Kim Reeder as Jane Doe Nurse #1. The proposed second amended complaint alleges that Reeder failed to take proper care of Plaintiff in regard to his needs for a wrist brace, continued steroid shots for his wrist, a bottom bunk permit, the glasses he had at his prior correctional facility, and his access to high blood pressure medication. Plaintiff alleges that Reeder told him that he would need to see a doctor at Pinckneyville in order to renew his bottom bunk permit. Reeder, however, never scheduled a visit with a doctor consistent with Plaintiff's need for a medical evaluation when he transferred correctional facilities. Plaintiff also alleges that Reeder failed to document his need for high blood pressure medication. As such, Plaintiff lacked access to his medication for three weeks, which resulted in Plaintiff suffering from headaches and dizziness. At this stage of the proceedings these allegations are sufficient to allow Counts 1 and 2 to proceed against Reeder.

### B. Wexford Health

Next, the Court finds that the proposed second amended complaint remains insufficient to support a claim against Wexford Health. As stated in the § 1915(A) review a corporation cannot be held liable on the basis of *Respondeat Superior* or supervisory liability because it is not recognized under § 1983. The allegations presented in the proposed second amended complaint are that Wexford has charge over Illinois

Department of Corrections ("IDOC") and has the authority to order that medical care be provided to inmates in IDOC custody. Plaintiff alleges the Wexford Health was contracted by the IDOC to provide medical care for offenders at specific correctional institutions. Based on these allegations, Plaintiff is still proceeding under the supervisory theory laid out in his first amended complaint. This is insufficient to reintroduce Wexford Medical as a defendant because such a theory of liability is prohibited as a cause of action under § 1983.

### C. Travis Bayler and S. Mercier

Likewise, the Court finds that Plaintiff has not added new factual allegations to bring claims against Bayler and Mercier in the proposed second amended complaint. In the § 1915(A) review, the Court dismissed the claims against these defendants because the plaintiff only alleged that they denied his grievances. As stated in that review, the denial or mishandling of a grievance does not amount to a constitutional violation. *See Owens v. Hinsley*, 635 F. 3d 950, 953 (7th Cir. 2011). In the proposed second amended complaint, Plaintiff alleges that he received no response from Mercier or Bayler in response to his grievances against Hess. However, the alleged mishandling of a prisoner's grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim. *See George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007). Therefore, the proposed second amended complaint fails to state a claim, and Plaintiff cannot proceed against Bayler and Mercier.

### D. Illinois Department of Corrections

Plaintiff also seeks to add the IDOC in its official capacity as a defendant in this

case. Plaintiff alleges that it is the responsibility of the IDOC to administer the operations of IDOC institutions, which are obligated to provide health and medical services to the offenders incarcerated within its institutions. Plaintiff, however, fails to allege with any specificity how the IDOC violated his Eighth Amendment rights or any protected rights. The proposed second amendment does nothing more than mention this alleged responsibility of the IDOC and contains no factual allegations suggesting that the IDOC was involved in violating his constitutional rights.

The Eleventh Amendment to the United States Constitution further bars private litigants, such as Plaintiff here, from suing non-consenting states in federal courts. Although there are exceptions for causes of actions where Congress had abrogated the traditional immunity states enjoy, in *Kroll v. Bd. Of Trustees of Univ. of Ill.*, the court held that state agencies are "arms of the state" and as such are also immune from suit under the Eleventh Amendment. 934 F.2d 904, 907 (7th Cir. 1991). Additionally, the Supreme Court has ruled that states, and their departments are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 71 (1989). Given that the claim against the IDOC is barred by the Eleventh Amendment, the claim is futile and as such, this Court will not allow Plaintiff to proceed with his claim against the IDOC.

### E. David Hess, Jr.

Lastly, the Court similarly finds that the proposed second amended complaint fails to allege a claim against Hess. Plaintiff alleges that Hess would not process the grievances he filed against Varel nor those against himself. However, Plaintiff admits in his proposed second amended complaint that Hess responded to his initial complaint

against Varel. (Doc. 79, ¶ 68). Additionally, when Plaintiff filed a complaint against Hess himself, Hess responded to the grievance informing Plaintiff that the issue was moot. *Id.* ¶ 70. Therefore, Plaintiff's allegations that Hess would not process his grievances is inaccurate and there are no other factual allegations against Hess. Accordingly, because the only allegation against Mr. Hess is the denial or mishandling of his grievances, and the denial or mishandling of a grievance is not a constitutional violation on which relief can be granted, Plaintiff cannot proceed with this claim against Hess. *See Owens*, 635 F. at 953.

CONCLUSION

Accordingly, the Court **GRANTS in part** and **DENIES in part** the motion to reconsider. (Doc. 79). The Court **DIRECTS** the Clerk of the Court to file Plaintiff's second amended complaint. Further, the Court **ALLOWS** Plaintiff to add Kim Reeder as a defendant in Counts 1 and 2. The following claims (the enumeration of the counts set forth below shall be used by the Court and the parties for the remainder of this litigation):

**Count 1** – Eighth Amendment claim against Kim Reeder, Dan Varel, Percy Myers, Christine Brown, and Scott Thompson for deliberate indifference towards treating the Plaintiff's medical needs.

**Count 2** – An Illinois medical malpractice claim against Kim Reeder, Dan Varel, Percy Myers, Christine Brown, and Scott Thompson.

The Court **DIRECTS** the Clerk of the Court to prepare for **Kim Reeder**: (1) Form 5 (Notice of a lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Court **DIRECTS** the Clerk of the Court to mail these

forms, a copy of the proposed amended complaint and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If one of the Defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of the Court within 30 days from the date the forms were sent, the Clerk of the Court shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

The Court **DIRECTS** the defendants to file an appropriate responsive pleading to the amended complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Once the defendants have answered the amended complaint, the Court will issue an amended scheduling and discovery order.

**IT IS SO ORDERED.**

DATED: March 23, 2021.

Digitally signed by Judge Sison 2
Date: 2021.03.23 10:49:13 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**